# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1929V
### UNPUBLISHED

| | |
|---|---|
| JENNIFER A. CLASEN,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 23, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Scott B. Taylor*, Urban & Taylor, S.C., Milwaukee, WI, for Petitioner.

*Jennifer A. Shah*, U.S. Department of Justice, Washington, DC, for Respondent.

### **RULING ON ENTITLEMENT**[1]

On December 21, 2020, Jennifer A. Clasen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine received on or about October 17, 2018. Petition at 1.  Petitioner further alleges that the vaccine was administered in the United States, she has suffered residual effects for more than six months, and she has never received compensation in the form of an award or settlement, or filed a civil action, for her vaccine-related injuries. Petition at ¶¶ 2, 21, 24. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 23, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that "petitioner has satisfied the criteria set forth in the Table and the Qualifications and Aids to Interpretation ("QAI") for left-shoulder SIRVA," including the onset of pain within 48 hours and all other QAI requirements. *Id.* at 9-10. Respondent notes that a provider suggested that Petitioner may have had brachial plexopathy, but that there were no findings on neurological exam to support this diagnosis, and Petitioner's EMG was normal. *Id.* at 10. Respondent further agrees that the case was timely filed, the vaccine was received in the United States, and that Petitioner satisfies the statutory severity requirement because the residual effects or complications of her injury continued for more than six months. *Id.* Respondent adds that Petitioner avers that no civil action or proceedings have been pursued in connection with her vaccine-related injury. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
